D.C.
2:52

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No: 6128

UNITED STATES OF AMERICA

Plaintiff

**CIV-ZLOCH**

**MAGISTRATE JUDGE SELTZER**

vs.

LUCILLE J. ALEXANDRE

Defendant
______________________________/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $3157.18, plus interest on this principal amount computed at the rate of 9.13 percent per annum in the amount of $2406.47, plus interest thereafter on this principal from January 19, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $5563.65, plus interest at 9.13 percent per annum on the principal amount of $3157.18, from January 19, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 26 day of January, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: [signature]
Mary F. Dooley
99 NE 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. 3059619311
Fax No. 3055307195

**U.S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

CERTIFICATE OF INDEBTEDNESS

Lucille J. Alexandre
AKA: N/A
3320 Jackson Blvd
Ft Lauderdale, FL 33312

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 02/12/99.

On or about 04/11/89, the borrower executed promissory notes(s) to secure loan(s) of $3,000.00 from Glendale Federal - Ft Lauderdale, FL at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by Florida Department of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 09/14/89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,157.18 to the holder. The Department then reimbursed the guarantor for that claim payment under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 09/22/95, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $530.24 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $3,157.18 |
| Interest: | $2,137.35 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 02/12/99 | $5,294.53 |

Interest accrues on the principal shown here at the current rate of 9.13% and a daily rate of 0.79 through June 30, 1999, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as mended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 2/23/99

Name: [signature]
Title: Loan Analyst
Branch: Litigation Branch

GOVERNMENT EXHIBIT A

# FLORIDA APPLICATION/PROMISSORY NOTE FOR AN AUXILIARY LOAN AND LOAN GUARANTEE

*WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1097.*

## SECTION 1A — TO BE COMPLETED BY BORROWER • READ THE INSTRUCTIONS CAREFULLY

1. Social Security Number: 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
2. Last Name (Please Print): ALEXANDRE First: LUCILLE Middle: J
3. Birth Date Mo. 03 Day 28 Yr. 57
4. Permanent Home Street Address: 1246 N.E 147 st

APR 21 1989

5. Area Code-Phone No. for Item 4: 305 940 5258

City: N. Miami State: Florida Zip Code: 33161

6. U.S. Citizenship Status
- ☐ (a) U.S. Citizen or National
- ☒ (b) Eligible Non-Citizen

Alien Registration No. 37303856

7. Permanent Resident of: Florida (State Name) Since 09 88 (Mo. Yr.)

8. Type of Borrower (check one): ☐ Dependent Undergraduate ☐ Parent ☐ Graduate & Professional ☒ Independent Undergraduate

9. Have you ever defaulted on a federal education loan, or do you owe a refund on any federal educational grant? ☐ Yes ☒ No If yes, give details on a separate sheet of paper including what arrangements have been made, if any, to repay this debt.

10. Do you have any outstanding (B) PLUS? (C) SLS, ALAS? loans? ☐ Yes ☒ No If yes, list Total Amount Owed (B) PLUS? $ .00 (C) SLS, ALAS? $ .00

11. Enter the following information on the most recent PLUS/SLS loan you have received:

Name of Lender | City and State of Lender | Type of Program B C | Loan Period (Mo./Yr.) From To | Unpaid Balance $ .0

12. REFERENCE REQUIREMENT — All references must be in the United States and be at different addresses.
B. ☐ Other Parent must be different than that in part A ☒ Other Adult relative

| | Name | Street, City, State, Zip | Phone Number | Employer |
|---|---|---|---|---|
| A. | Carline Laurent | 1913 S.W 4 st Ft Lauderdale Fl. 33311 | (305) 584-7662 | Teacher's Aid |
| B. | Romane Desire | 25 N.W 7 Ave Ft Lauderdale Fla 33311 | (305) 462-5935 | Self employed |
| C. | Franck Alexandre | 235 S State Road 7 Plantation 33311 | (305) 792-6536 | [illegible] Maker |

## PROMISSORY NOTE

1. Promise To Pay - I, the undersigned borrower identified above, PROMISE TO PAY to the order of my lender or to a subsequent holder of this Promissory Note, the principal sum of

13. $ 3000 .00
Requested Loan Amount - Must Be Numeric

or amount advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest and any other charges which may become due as provided for in this Note. My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "BORROWER CERTIFICATION" on the reverse side of this note.

NOTICE TO BORROWER: Terms of the Promissory Note continue on the reverse side.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE & DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

☒ IF I AM A QUALIFIED SLS BORROWER, I REQUEST DEFERMENT OF REPAYMENT FOR THE ACADEMIC PERIOD COVERED BY THIS LOAN.

14. Lucille J Alexandre DATE 4-11-8[illegible]
SIGNATURE OF BORROWER

15. SIGNATURE OF ENDORSER (LENDER OPTION) DATE

Street Address S.S.N.

City State Zip Phone ( )

## SECTION IB — TO BE COMPLETED BY STUDENT • READ THE INSTRUCTIONS CAREFULLY

16. Social Security Number: 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
17. Last Name (Please Print): ALEXANDRE First: LUCILLE Middle/Maiden
18. Birth Date Mo. 03 Day 28 Yr. 5[illegible]

19. Have you ever defaulted on an education loan, or do you owe a refund on any federal state educational grant? ☐ Yes ☒ No If yes, give details on a separate sheet of paper including what arrangements have been made, if any, to repay this debt.

20. U.S. Citizenship Status ☐ (a) U.S. Citizen Or National ☒ (b) Eligible Non-Citizen Alien Registration No. 37303856

21. Loan Period From 05 89 To 01 9[illegible] (Mo. Yr.)

22. Intended Enrollment Status ☒ Full time ☐ Half-Time but Less Than Full Time

23. I have read and understand the terms of the STUDENT CERTIFICATION printed on the back of this Application.
Signature of Student: Lucille J Alexandre Date 4-11-8[illegible]

## SECTION II — TO BE COMPLETED BY THE SCHOOL

24. School Code: 023080
25. Name and Address of School: CAREY TECHNICAL INSTITUTE, 901 N. W. 54th STREET, MIAMI, FLORIDA 33127
26. Area Code/Phone Number: (305) 7[illegible]2-5883
27. Grade Level: 1
28. Anticipated Completion Date: 1 25 90 (Mo. Yr.)
29. Beginning date of Second Term covered by loan period (Mo. Day Yr.)
30. Loan Period From 5 2 89 To 1 1 90
31. Dependency Status ☐ Dependent ☒ Independent
32. Estimated Cost of Attendance $ 722[illegible]
33. Estimated Financial Aid $ 4825
34. Difference (Item 32 less Item 33) $ 243[illegible]

35. Recommended Disbursement Schedule

| | Mo. | Day | Yr. | Amount |
|---|---|---|---|---|
| 1. | 4 | 20 | 89 | $ 1500 |
| 2. | 7 | 12 | 89 | $ 1500 |
| 3. | | | | $ |
| 4. | | | | $ |
| Total of Disbursements | | | | $ 3000 |

36. Signature and Title of Authorized School Official: Judith Jones — Judith Jones, Supervisor, GSL Services Date 4 20 89

My signature above certifies that I have read and agree to the "Educational Institution Certification" printed on the reverse of this application.

## SECTION III — TO BE COMPLETED BY THE LENDER

37. Lender Code
38. Area Code/Phone No.
40. Does the borrower qualify for immediate deferment? ☒ No ☐ Yes

3 2 7 5 1 - 4 8 0

41. Disbursement Dates

| | Mo. | Day | Yr. | Amounts |
|---|---|---|---|---|
| 1. | 5 | 11 | 89 | $ 1500. |
| 2. | 8 | 15 | 89 | $ 1500. |
| 3. | | | | $ |
| 4. | | | | $ |

TOTAL AMOUNT LENDER APPROVES $ 3000.

39. Name and Address of Lender: 826762 Glendale Federal, 301 E. Las Olas Blvd. Ft. Lauderdale, FL 33301, (305) 728-1390, Student Loan Underwriter

42. First Payment Date 10 11 89 (Mo. Day Yr.)
43. No. of Payments 62

44. Signature and Title of Authorized Lending Official: Cheryl McKoy Date SU 4-24-89

898

FALP Standard Form 1/88

LENDER COPY A

# ADDITIONAL TERMS OF THE PROMISSORY NOTE FOR A GUARANTEED AUXILIARY LOAN

**II. Date Note Comes Due** I will repay this loan: 1) in periodic installments beginning no more than sixty days following the day the loan is fully disbursed; or 2) in full immediately if I or the student on whose behalf this loan is made fail to enroll and attend at least on a half-time basis at a participating school. The Notice of Loan Guarantee and Disclosure Statement will identify my repayment schedule, interest rate, guarantee fee and the interest costs over the repayment period.

**III. Interest** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you first advance the loan proceeds until the loan is paid in full. The applicable interest rate on this loan is a variable rate not to exceed 12% which will be adjusted annually. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address which you provide to me. You may add any interest that is due prior to the day my first payment of principal is due, or any interest that is not paid when due or any interest that accrues during deferment periods indicated in Deferment Paragraph VIII, to the unpaid balance of this loan in accordance with Auxiliary (PLUS/SLS) Loan Program regulations.

**IV. Guarantee Fees** I will pay to the lender an amount equal to the guarantee fee that the lender is required to pay the Florida Department of Education in order to obtain insurance coverage on this loan. The rate and amount of the guarantee fee will be identified to me in the Notice of Loan Guarantee and Disclosure Statement. The lender will withhold this fee from the principal amount of the loan.

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if: 1) any payment has not reached you within the number of days after it is due as specified on the Repayment Schedule, or I fail to meet the terms of the Application/Promissory Note under circumstances where you find it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that my failure persists for (a) 180 days if I pay in monthly installments; or (b) 240 days if I repay in less frequent installments; or 2) I fail to notify you of a change in my name, address or school enrollment status within 10 days; or 3) I break any of my other promises under this agreement; or 4) I make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other [illegible] agreement between [illegible] unpaid amount [illegible] lender, holder, or F[illegible] or am currently att[illegible] assistance from any [illegible] Opportunity Grant, (formerly called Natio[illegible] Loans), Supplemental [illegible] be ineligible for the [illegible]

**VI. Late Charges** [illegible] in making payments [illegible] charge not to exceed [illegible] lender within ten (10) [illegible] to have the [illegible] Note. 2) Costs that [illegible] of any overdue amo[illegible] programs and long-[illegible] percent of the unpaid [illegible] agency that is subjec[illegible]

**VII. Additional Agr[illegible]** [illegible] at the scho[illegible] given to me will be [illegible] me. 3) Your failure to [illegible] of your rights. No p[illegible] the Florida Departm[illegible] because I have defa[illegible] Note and as my cre[illegible] against me. 5) I und[illegible] of age. 6) If I am un[illegible]

eligible for forbearance as provided for in the Auxiliary (PLUS/SLS) Loan Program regulations at the discretion of the lender on the repayment of my loan(s). 7) In this Note the words I, me and my mean the borrower identified in Item 2 of Section I A of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. Deferment** You will let me pay interest only and let me defer making principal payments on this note if I am not in default and I can provide you with written evidence that I qualify for a Parent Loan for Dependent Students (PLUS) or a Supplemental Loan for Students (SLS) program deferment under Title IV, Part B of the Higher Education Act of 1965, as amended.

**IX. Repayment** I will repay the total amount due on this Promissory Note in periodic installments, with interest at the rate indicated in Interest, Paragraph III, on the unpaid balance from the due date of this Promissory Note until the loan is paid in full. Prior to the due date of this Promissory Note, you will send to me a Repayment Schedule which shows the particular repayment terms, including the beginning due date, that will become part of this Promissory Note. The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due. Any deferment period granted under Paragraph VIII Deferment or any period for which you grant forbearance will not be included in determining the 5- and 10- year periods mentioned above. At my option I may agree to a repayment period that is shorter than 5 years. I may at a later time have the repayment period extended so that the total repayment period is not less than 5 years; provided, however, my total payments for any year of the repayment period on all my loans under the Stafford Loan Program [formerly Guaranteed Student Loan Program (GSLP)], the PLUS Program, or The Supplemental Loans for Students Program under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address which you provide to me.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification** Information concerning the amount of this loan and its [illegible] organizations. If I default on this [illegible] default to credit bureau organi[illegible] ability to obtain other credit. The [illegible] in advance that information about [illegible] unless I enter repayment on the [illegible] to a request from any credit [illegible] with that organization about the [illegible]

[illegible] permanently disabled, or if I die, my [illegible]

[illegible] financing options which may be [illegible] repayment: A lender holding my [illegible] me to make a single monthly [illegible] Variable Interest Rate: A [illegible] a variable interest rate. This [illegible] 12 percent. C) Refinancing to [illegible] Loan(s) denies me the option of [illegible] may apply to another lender to [illegible] use one of these refinancing [illegible] payment terms and the amount of [illegible]

[illegible] the conditions set forth in Federal [illegible] this loan may be transferred to a [illegible] taken place, I will have the same [illegible] holder that I had with regard to the [illegible] a negotiable instrument under the [illegible] a subsequent holder of the [illegible]

ALL RIGHT, TITLE AND INTEREST OF Glendale Fed (THE "SELLER") IS HEREBY ASSIGNED TO THE STUDENT LOAN MARKETING ASSOCIATION ("SALLIE MAE") WITHOUT RECOURSE EXCEPT AS PROVIDED IN PARAGRAPH 10 OF THE COMMITMENT AND LOAN SALE AGREEMENT BETWEEN SALLIE MAE AND THE SELLER,

Glendale Fed 8-1-88

Kelly Mom [signature]

**Borrower Certification** [illegible] States of America [illegible] of this application [illegible] is given in good fait[illegible] application item num[illegible] guardian of the stud[illegible] loan made as a resu[illegible] of the loan covered [illegible] made on behalf of [illegible] to making his or h[illegible] Section II for the lo[illegible] named in Section II [illegible] whose behalf I am borrowing up to the amount of the loan. I further authorize any school I may attend, or any school that the student on whose behalf I am borrowing may attend, to release to the lending institution, subsequent holder, Florida Department of Education, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, current address). I certify that the total amount of loans received under the PLUS/SLS Program, Title IV, Part B (P.L. 89-329) as amended will not exceed allowable maximums. [illegible] Rights and Responsibilities printed within this application [illegible] Program. I understand that [illegible] Statement that identifies my loan amount [illegible] late charges. I understand and [illegible] and Disclosure Statement [illegible] the information on the Notice of Loan Guarantee and Disclosure Statement applies. I further certify that I do not now owe a refund on any Pell Grant, Supplemental Grant or State Student Incentive Grant, or Byrd Scholarship and am not now in default on any [illegible]

[illegible] [signature] 5-8-90

[illegible] [illegible] the laws of the United States [illegible] information contained in Section IB of [illegible] my knowledge and belief and is [illegible] in Section II to pay to the lender [illegible] due to me up to the amount of [illegible] authorize the school named in Section [illegible] my eligibility (e.g. enrollment [illegible] accepted for enrollment or am enrolled and am making satisfactory progress as at least a half time student at the school named in Section II. I further certify that I do not now owe a repayment on any Pell Grant, Supplemental Grant, State Student Incentive Grant, or Byrd Scholarship and am not now in default on any Perkins/National Direct Student Loan, Stafford Loan (formerly Guaranteed Student Loan), Federally Insured Student Loan, PLUS Loan, a Supplemental Loan for Students, a Consolidation Loan, or an Income Contingent Loan.

**School Certification** I hereby certify that the student named in Section IB is accepted for enrollment, or is enrolled as at least a half-time student and is making satisfactory progress in a program determined to be eligible for the (PLUS/SLS) Loan Program. I further certify that, based upon records available at this institution, neither the borrower named in Section I or this student is in default nor owes a repayment with respect to previous State/Federal Financial Assistance for attendance at any institution, and that the information provided in Section II is true, complete, and correct to the best of my knowledge and belief.

**NOTICE TO BORROWER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CONDITIONS.**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

00-6128 CIV-ZLOCH MAGISTRATE JUDGE SELTZER

**I. (a) PLAINTIFFS**
UNITED STATES of AMERICA

**DEFENDANTS**
LUCILLE J. ALEXANDRE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ____ (EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B: Broward | 0:00cv6128 | Zloch / Seltzer

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305)961-9377
99 NE 4TH ST., SUITE 300, MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **(BROWARD)**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- [X] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS — Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions A OR B

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34CFR 682.100(4) (d)

LENGTH OF TRIAL
via 1 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 5,563.65 + interest & costs

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES [X] NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE ____ DOCKET NUMBER ____

DATE 1/26/00

SIGNATURE OF ATTORNEY OF RECORD
MARY F. DOOLEY, AUSA

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____